UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EVA TAYLOR** | * | **CIVIL ACTION NO. 17-1300** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **INTERSTATE HYUNDAI, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 6] filed by plaintiff Eva Taylor. The motion is opposed. For reasons explained below, it is recommended that the motion to remand be GRANTED.

### Background

On an unspecified date, Eva Turner purchased a 2014 Hyundai Elantra from Interstate Hyundai, Inc. Taylor purchased the vehicle because an Interstate sales representative assured her that, in the event of a crash, the air bags and seat belt pre-tensioner would deploy to protect the passengers. (Petition, ¶¶ V-VI).

On August 29, 2016, Taylor was operating her Elantra on I-20 westbound, approaching Vicksburg,[1] when another vehicle in front of her suddenly switched into her lane thereby requiring Taylor to take evasive maneuvers. *Id*., ¶¶ IV, VII. Although Taylor managed to avoid hitting the unidentified vehicle, she lost control of her car which entered the median and rolled over. *Id*., ¶ VIII. Despite the significant forces of the crash, none of the air bags in the Elantra deployed, and the seatbelt pre-tensioner failed to activate. *Id*. ¶¶ IX-XI. Post-crash testing of the

---

[1] Apparently then, she was in Mississippi at the time.

Elantra's electronic data recorder confirmed that the air bag system sent engagement signals to both the frontal/side air bags and the pre-tensioner for the shoulder harness, but neither system responded to the commands. *Id*., ¶ XVIII. As a result of the crash, and the associated failure of the air bag protective system, Taylor suffered significant injuries. *Id*., XII.

On August 28, 2017, Taylor filed the instant suit in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, to recover damages for injuries that she sustained in the August 29, 2016, incident. Named defendants included: Hyundai Motor Company, the manufacturer of the 2014 Elantra; Hyundai Motor America (incorrectly sued as "Hyundai Motor America Corporation," or alternatively, "Hyundai Motor America, Inc.") (hereinafter, "Hyundai"), the U.S. distributor of the 2014 Elantra; Interstate Hyundai, Inc. (hereinafter, "Interstate"), the seller of the 2014 Elantra; and State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), Taylor's uninsured motorist carrier.

On October 12, 2017, Hyundai removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Hyundai is a California corporation, with its principal place of business in said state. *Id*., ¶ VI. State Farm is a Delaware corporation, with its principal place of business in Illinois. *Id*. Plaintiff is a citizen of Louisiana citizen, as is defendant, Interstate. *Id*., ¶¶ VI-VII.

To circumvent the patent lack of diversity between the parties, Hyundai contends that plaintiff has no reasonable possibility of recovery against Interstate, and that it was improperly joined in an effort to defeat removal. *See* Notice of Removal. Plaintiff disagrees with Hyundai's assessment of her claims against Interstate, and on November 7, 2017, filed the instant motion to remand because of incomplete diversity, i.e. lack of subject matter jurisdiction. Perplexingly, plaintiff further argued that because she sued State Farm as her UM carrier, "the claim does not

2

arise within the definition of diversity of citizenship." (M/Remand, Memo., pgs. 5-6).

On November 28, 2017, Hyundai filed its opposition to the motion to remand, which State Farm joined in, and adopted. [doc. #s 11-14]. Plaintiff did not file a reply brief, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 7]. Thus, the matter is ripe.

## Analysis

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

Hyundai invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332(a). The court will address each component of the diversity statute, in turn.

**I.      Amount in Controversy**

Plaintiff does not contest that the amount in controversy exceeded $75,000 at the time of removal. However, a "party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999). When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant may assert the amount in controversy in its notice of

3

removal. 28 U.S.C. § 1446(c)(2)(A). Furthermore, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 __ U.S.__, 135 S. Ct. 547, 554 (2014) (equating 28 U.S.C. § 1446(a)'s pleading requirement to Fed.R.Civ.P. 8(a)).

The instant case presents the latter circumstance.[2] First, it is not "facially apparent" from the bare injury and damages allegations in the complaint that the claims are likely above $75,000. *Simon, supra*. Second, removing defendant's *conclusory* allegation that, based upon unspecified information from the plaintiff,[3] the amount in controversy exceeds $75,000 does not suffice to meet the plausibility standard. *See Deamer v. TA Operating, LLC*, No. 12-2625, 2012 WL 5877982 (W.D. La. Nov. 20, 2012) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility under Rule 8(a)).

Removing defendant's failure to establish that the amount in controversy exceeded the jurisdictional minimum at the time of removal, precludes the court's exercise of subject matter jurisdiction, and provides an additional basis for remand. *See* discussion, *infra*.

## II. Diversity of Citizenship

The diversity jurisdiction statute presupposes a civil action between "citizens of different

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[3] Notice of Removal, ¶ IV.

4

states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, supra* (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

    a) <u>Hyundai Motor Company</u>

In its notice of removal, Hyundai did not address the citizenship of co-defendant, Hyundai Motor Company. In a footnote to its opposition brief, Hyundai asserted that Hyundai Motor Company is a South Korean manufacturer, but "has not been served and is not a party." (Hyundai Opp. Memo., pg. 2 n.1). It is manifest, however, that the fact that a defendant was not served does not mean that its citizenship may be ignored. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998). Rather, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. *Id*.

Hyundai does not contest that plaintiff joined Hyundai Motor Company in good faith. Moreover, it does not set forth what type of entity Hyundai Motor Company is (i.e., whether it is a corporation or some type of unincorporated association) or otherwise properly allege its citizenship. This deficiency provides further grounds for remand. *See* discussion, *infra*.

    b) <u>State Farm</u>

Citing 28 U.S.C. § 1332(c)(1), plaintiff argued that because she sued State Farm as her UM carrier, "the claim does not arise within the definition of diversity of citizenship."

(M/Remand, Memo., pgs. 5-6). In response, Hyundai argued that State Farm was a nominal party whose citizenship could be disregarded for purposes of diversity. Both sides miss the mark, at least in part.

Section 1332 provides, in pertinent part, that,

For the purposes of this section and section 1441 of this title--

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, **except that** in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
    (A) every State and foreign state of which the insured is a citizen;
    (B) every State and foreign state by which the insurer has been incorporated; and
    (C) the State or foreign state where the insurer has its principal place of business . . .

28 U.S.C. § 1332(c)(1) (emphasis added).

Plaintiff correctly observed that her claim against State Farm in its capacity as her uninsured/underinsured motorist carrier does not constitute a claim under a liability policy. Indeed, the Fifth Circuit has recognized that an uninsured motorists policy is not a "policy or contract of liability insurance" as contemplated under § 1332(c)(1). *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir. 1974) (citations omitted).[4] Accordingly, plaintiff's claim against State Farm does not fall within § 1332(c)(1)'s *exception*. Contrary to plaintiff's assertion, however, that does not mean that her claim against State Farm is not cognizable under the diversity statute. Rather, it only means that the exception is inapplicable and that State Farm is

---

[4] *See also*, *Poynot v. Hicks*, 2002 WL 31040174 (E.D. La. 9/12/2002); *Barton v. Allstate Ins. Co.*, 729 F.Supp. 56 (W.D. Tex. 1990); *Carpenter v. Illinois Central Gulf R. Co.*, 524 F.Supp. 249 (M.D. La. 1981); *Shief v. Tenet Heathsystem Hosp. Inc.*, No. 98-2838, 1998 WL 849308, at *3 (E.D. La. Dec. 7, 1998)

subject to the general rule that a corporation's citizenship is determined by its state of incorporation and principal place of business.

Here, State Farm is a citizen of Delaware and Illinois, and therefore diverse from the Louisiana-domiciled plaintiff. Accordingly, Hyundai's argument that State Farm is a nominal party is superfluous, and need not be addressed.

    c)    <u>Interstate</u>

To circumvent the lack of diversity between plaintiff and defendant, Interstate, Hyundai invoked the improper joinder doctrine.[5] The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that plaintiff might recover against it. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the

---

[5] In its brief, Hyundai referred to improper joinder via its former appellation, "fraudulent" joinder." In 2004, however, the Fifth Circuit adopted the term "improper joinder" in lieu of "fraudulent joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 589 n.1 (5th Cir.2004) (en banc).

complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[6] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*.[7] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*. If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id*.

In this case, Hyundai argues that plaintiff fails to state a claim for relief against Interstate. Specifically, Hyundai asserts that plaintiff's claims for defective design and manufacture of the subject air bags and seatbelts are governed by the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq*.[8] Hyundai further argues that because the LPLA provides the exclusive basis for liability against a manufacturer and because a dealership/seller such as Interstate is *not* a manufacturer, then plaintiff has no cause of action against Interstate.

---

[6] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[7] In other words, facts that can be easily disproved if not true. *Id.*

[8] The parties analyzed the vitality of plaintiff's claims pursuant to Louisiana law. (Albeit, Hyundai cited Mississippi cases applying Mississippi law, which it then endeavored to extrapolate to the LPLA). Therefore, the parties implicitly agree that the disputed state law issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

(Opp. Memo., pg. 6).

The court agrees that the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." La. R. S. § 9:2800.52. Moreover, it is manifest that, under the LPLA, Interstate is a "seller." La. R.S. § 9:2800.53. Under the LPLA, some sellers may be considered manufacturers. *Id*. However, the parties do not so argue here, and, in fact, Hyundai maintains that Interstate is not a manufacturer under the LPLA.

The consequence of a finding that the LPLA does not encompass plaintiff's cause of action against Interstate is not that plaintiff does not have a remedy against Interstate, but that its theories of recovery against Interstate remain unconstrained by the LPLA. Thus, plaintiff is free to advance a negligence, fraud, or redhibition claim against the seller.[9] *Vincent v. Timesh, Inc.*, No. 98-0621, 1998 WL 231036, at *2 (E.D. La. May 7, 1998). In her brief, plaintiff advances a claim for fraud, and tangentially for redhibition. At minimum, the court finds that plaintiff states a plausible claim in redhibition.

> Under Louisiana law,
>
> [t]he seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect

---

[9] Of course, even if Interstate were treated as a "manufacturer" under the LPLA, the Act does not bar liability for damages in redhibition. *Aucoin v. S. Quality Homes, LLC*, 984 So.2d 685, 691 n.8 (La. 2008); *Cusimano v. NeilMed Pharm., Inc.*, No. 12-1455, 2012 WL 5398440, at *2 (E.D. La. Nov. 2, 2012) (citations omitted).

limits the right of a buyer to a reduction of the price. La. Civ. Code Art. 2520.

Further, a seller is liable to the buyer even for redhibitory defects that he is not aware of, including those that were the fault of the manufacturer. *Aucoin, supra* (citing La. Civ. Code Art. 2531). Ordinarily, to obtain rescission of the sale and recovery of the full purchase price, the buyer must be in a position to return the purchased item. *Stratton-Baldwin Co., Inc. v. Brown*, 343 So.2d 292, 297 (La. App. 1st Cir. 1977) (citation omitted). Otherwise, the purchaser is entitled only to a reduction in price and recovery of her expenses, if any. *Id*.; *Bourne v. Rein Chrysler-Plymouth, Inc.*, 463 So.2d 1356, 1359 (La. App 1st Cir..1984); *see also Morris N. Palmer Ranch Co. v. Campesi*, 647 F.2d 608, 612 (5th Cir.1981) (some cattle were sold or died; therefore, plaintiff was entitled to reduction in price).

Here, plaintiff alleged that, without the assurance regarding the protection afforded by the air bag and pre-tensioner restraint system, she would not have purchased the 2014 Elantra. (Petition, ¶ VI). Moreover, she seeks economic losses. *Id*., ¶ XXX. Although, because of the apparent destruction of the car, she would not be able to recover the purchase price, she plausibly could recover the difference between the actual selling price and the price a reasonable buyer and seller would have agreed upon if they had known of the defect, plus her expenses. *Bourne supra*.

In short, Hyundai has not precluded the reasonable possibility that Interstate could be subject to liability under state law. The non-diverse defendant's continued presence destroys complete diversity between the parties, and thus, subject matter jurisdiction is lacking. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 6] filed by plaintiff Eva

Taylor be GRANTED, and that the matter be remanded to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.  28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of March, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE